

U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

FILED

JUN 18 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*Judiciary Center*
*555 Fourth St., N W*
*Washington, D C   20530*

BY ELECTRONIC MAIL

April 15, 2008

08-146

Rudolph Acree, Esq.
1211 Connecticut Avenue, N.W., Suite 600
Washington, D.C.  20007

Re:  United States v. Michael Huggins

Dear Mr. Acree:

This letter confirms the agreement between your client, Michael Huggins, and the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the plea agreement. The terms of the offer are as follows:

Mr. Huggins's Obligations, Acknowledgments and Waivers:

1.      Your client, Michael Huggins, agrees to admit guilt and enter a plea of guilty to one count of possession with intent to distribute cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841 (b)(1)(C), the lone charge in the Greenbelt indictment, which the government will have transferred to the District of Columbia, pursuant to Rule 20 of the Federal Rules of Criminal Procedure. In addition, your client agrees to pay a special assessment of $100 per felony conviction to the Clerk of the United States District Court for the District of Columbia prior to the date of sentencing. Your client further understands that if the Court rejects the parties' recommendation for an appropriate sentence as set forth in paragraph three, and your client does not withdraw his plea, your client will be sentenced according to Title 18, United States Code, Sections 3553(a) and 3553(c) through (f), upon consideration of the United States Sentencing Guidelines Manual ("Sentencing Guidelines"), which will apply to determine your client's guideline range. Your client also understands that the maximum penalty for this offense is 30 years imprisonment. Your client also understands that pursuant to Title 18, United States Code, Section 3571 and Section 5E1.2 of the Sentencing Guidelines, the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release and period of probation.

2.    Your client agrees and will acknowledge at the time of the plea of guilty to the criminal charge stated above that, pursuant to Section 1B1.3 of the Sentencing Guidelines, your client is accountable for more than 500 grams but less than 2 kilograms of cocaine, which quantity represents the total amount involved in your client's relevant criminal conduct, including amounts your client possessed with intent to distribute and the converted amount of currency found in his bedroom on October 24, 2005.

3.    Your client and the Government agree that a sentence of thirty-six months is the appropriate sentence for the offenses to which your client is pleading guilty. The Government also agrees, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, to present this plea agreement between the parties to the Court for its approval. If the Court accepts the plea agreement and the specific sentence agreed upon by the parties, then the Court will embody in the judgment and sentence the disposition provided for in this plea agreement, pursuant to Rule 11(c)(4) of the Federal Rules of Criminal Procedure. The parties understand, however, that in light of other factors the Court may not agree that such a sentence is an appropriate one and may reject the plea agreement pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure. Your client understands that if this happens, the Court, in accordance with the requirements of Rule 11(c)(5), will inform the parties of its rejection of the plea agreement, and will afford your client an opportunity to withdraw the plea, or if your client persists in the guilty plea will inform your client that a final disposition may be less favorable to your client than that contemplated by this agreement. This agreement with respect to the appropriate sentence effects only incarceration. The otherwise applicable statutory and Guideline provisions are applicable to other sentencing incidents, specifically fines and terms of supervised release.

4.    Should the Court not agree that the sentence agreed upon by the parties is appropriate, and your client not withdraw his plea, your client and the Government agree to the following: Your client will be sentenced upon consideration of the United States Sentencing Guidelines. The Government agrees that it will not seek any additional increases in your client's base offense level other than the increase set forth in paragraph two. The Government further agrees that it will not seek an upward departure from the otherwise applicable guideline range established by the Sentencing Guidelines Your client understands and acknowledges that the terms of this paragraph apply only to conduct that occurred prior to the execution of this agreement. Should your client commit any conduct after the date of this agreement that would form the basis for an increase in your client's base offense level or justify an upward departure (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer or Court), the Government is free under this agreement to seek an increase in the base offense level based on that post-agreement conduct.

5.    In entering this plea of guilty, your client understands and agrees to waive certain rights afforded to your client by the Constitution of the United States and/or by statute, including: the right against self-incrimination with respect to the offenses to which your client is pleading guilty; the right to be tried by a jury, or by a judge sitting without a jury; the right to be assisted by an attorney at trial; and the right to confront and cross-examine witnesses. Your client further agrees that

Rev 1/18/05 daj

the District Judge should make any Sentencing Guidelines determinations.

6. Your client understands should the Court not accept the recommended sentence of thirty-six months and your client not withdraw his plea, sentence in this case will be imposed in accordance with Title 18, United States Code, Sections 3553(a) and 3553(c) through (f), upon consideration of the United States Sentencing Commission's Guidelines Manual. Your client further understands that in that case, the sentence to be imposed is a matter solely within the discretion of the Court. Your client acknowledges that the Court is not obligated to follow any recommendation of the Government at the time of sentencing.

7. Your client understands that subject to the provisions of paragraph three of this agreement, this Office reserves its full right of allocution for purposes of sentencing in this matter. In particular, the United States reserves its right to recommend a specific period of incarceration and fine up to the maximum sentence of incarceration and fine allowable by law. In addition, if in this plea agreement the Government has agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues. Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion under Section 5K1.1 of the Sentencing Guidelines, Title 18, United States Code, Section 3553(e), or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure because he has provided no assistance to law enforcement in this or any other matter.

THE GOVERNMENT'S OBLIGATIONS, ACKNOWLEDGMENTS AND WAIVERS:

8. In exchange for his guilty plea, the government does not oppose that the defendant remain on release until he is designated by the Bureau of Prisons, at which time he may self-report. Nor does the government oppose your client receiving credit for the approximately 15 months he has already served in the related case, United States v. Antoine Jones, et. al, 05-386 (ESH).

9. If your client is sentenced according upon consideration of the Sentencing Guidelines, rather than pursuant to paragraph three of this agreement, the following terms apply: The Government agrees that the base offense level for the crimes to which your client is pleading guilty should be decreased by three levels based upon your client's acceptance of responsibility and will file a motion with the Court, pursuant to Section 3E1.1, provided that your client cooperates and is truthful and candid during the pre-sentence investigation, and does not attempt to obstruct justice, deceive, withhold, or otherwise mislead any law enforcement agent, the Court, the Probation Office or the Government concerning any issue relevant to the imposition of sentence. Your client agrees not to seek any decreases in your client's base offense level other than those which are agreed to by the Government in this paragraph. Your client further agrees not to seek a downward departure for any reason from the otherwise applicable guideline range established by the Sentencing Guidelines. Your client understands and acknowledges that the position of the Government with respect to your client's

Rev 1/18/05 daj

base offense level, like any other recommendation made by the United States Attorney's Office at the time of sentencing, is not binding on the Probation Office or the Court, neither of which are parties to this agreement. Your client understands and acknowledges that the failure of the Court to sentence your client in accordance with the terms of this paragraph shall not be grounds for your client to withdraw his/her the plea of guilty in this case in the event sentence is imposed pursuant to this paragraph rather than pursuant to paragraph three.

General Conditions

10.   This letter sets forth the entire understanding between the parties and constitutes the complete plea agreement between your client and the United States Attorney's Office for the District of Columbia and the United States Attorney's Office for the District of Maryland. This agreement supersedes all prior understandings, promises, agreements, or conditions, if any, between these Offices and your client.

11.   This agreement only binds the United States Attorney's Offices for the District of Columbia and the District of Maryland. It does not bind any other United States Attorney's Office or any other office or agency of the United States Government, including, but not limited to, the Tax Division of the United States Department of Justice, the Internal Revenue Service of the United States Department of the Treasury, the Immigration and Customs Enforcement Service of the Department of Homeland Security, or any state or local prosecutor. These individuals, and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions.

12.   There are no other agreements, promises, understandings or undertakings between your client and this Office. Your client understands and acknowledges that there can be no valid addition or alteration to this agreement unless the modification is made on the record in open Court or made in a writing signed by all of the parties.

Sincerely,

JEFFREY A. TAYLOR
United States Attorney

Rachel Carlson Lieber
Assistant United States Attorney
555 4th Street, N.W., Room 11-909
Washington, D.C. 20530
(202) 353-8055

Rev 1/18/05 daj

## DEFENDANT'S ACCEPTANCE

I have read this plea agreement and have discussed it with my attorney, Rudolph Acree, Esq. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offenses identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 6-18-08

Michael Huggins
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 6/18/08

Rudolph Acree, Esq.
Attorney for the Defendant

Rev 1/18/05 daj